IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN WILLIAMS,

        Plaintiff,                     No. CIV S-10-0377 KJM P

      vs.

JOHN HAVILAND, et al.,           <u>ORDER AND</u>

        Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding with Eighth Amendment claims against defendants Feunder and Rosario (defendants). <u>See</u> May 5, 2007 Order. Plaintiff claims defendants subjected plaintiff to excessive force on March 17, 2009. Defendants have filed a motion to dismiss.

        Defendants argue that plaintiff failed to exhaust administrative remedies with respect to his claims prior to filing suit. A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1120. If the district court concludes that the prisoner has not

1 exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.
2 Id.

3       The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him. Exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom, Alameida v. Wyatt, 540 U.S. 810 (2003).

      Defendants provide an affidavit from the Chief of the Inmate Appeals Branch (IAB) for the California Department of Corrections and Rehabilitation (CDCR), D. Foston. Foston declares that a review of the appropriate files discloses that plaintiff did not complete a "Director's Level" appeal with respect to any claims in this action.

      Defendants acknowledge that plaintiff attached to his complaint a grievance concerning the claims alleged in this action. See Compl., Ex. A at 17-18.[1] Defendants assert this grievance cannot serve to exhaust administrative remedies because it was not timely filed. Grievances filed by CDCR inmates must generally be filed within fifteen days of the event grieved. Cal. Code Regs. tit 15, § 3084.6(c). The Supreme Court has held that an agency's deadlines and other steps the agency "holds out" to potential grievants generally must be

---

[1] Page references are to those assigned by the court's CM/ECF system.

complied with to effect proper exhaustion of administrative remedies.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006).  Because plaintiff's grievance is dated April 2, 2009, the sixteenth day after the alleged extreme force event, it does not appear that plaintiff complied with CDCR's initial deadline regarding the grievance procedure.  Moreover, it appears plaintiff's grievance was returned to him because he did not submit copies of the CDC 837–Crime Incident Report[2] with his grievance.  <u>See</u> Compl., Ex. A at 16.  Plaintiff was advised to include a copy of the report and resubmit his grievance within fifteen days.  While plaintiff subsequently grieved the procedures, or alleged lack thereof, related to a rules violation he incurred, nothing in the record indicates plaintiff took advantage of the opportunity to resubmit or that he made any further attempt to exhaust administrative remedies with respect to his grievance regarding defendants' alleged use of excessive force.

In sum, the evidence before the court indicates plaintiff did not exhaust administrative remedies with respect to the claims pending before this court.  Plaintiff has not provided the court with anything suggesting the grievance process was unavailable to him.  Therefore, defendant's motion to dismiss on grounds of failure to exhaust administrative remedies should be granted.

In light of the foregoing, the court need not reach the other arguments presented in defendants' motion to dismiss.[3]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

/////

---

[2] Portions of the CDC 837-Crime Incident Report concerning the events of March 17, 2009 are attached as Exhibits B to D of plaintiff's complaint.

[3] In their reply, defendants argue the court should not consider plaintiff's opposition to their motion because it was filed late, and should not consider the exhibits attached thereto because they are not properly authenticated.  Reply at 2.  The contents of the opposition and attached exhibits do not materially affect the findings and recommendations set forth here, and there is no prejudice to defendant if the court considers them.

1   IT IS HEREBY RECOMMENDED that:

2   1. Defendants' motion to dismiss (#12) be granted; and

3   2. This action be dismissed without prejudice for failure to exhaust
4 administrative remedies.

5   These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
7 one days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties. Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
10 shall be served and filed within fourteen days after service of the objections. The parties are
11 advised that failure to file objections within the specified time may waive the right to appeal the
12 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: December 14, 2010.

_____
U.S. MAGISTRATE JUDGE

---

1
will0377.57